IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

**BRETT JONES (a Native American),**

        Plaintiff,

v.                                      No. CIV 11-402 BB/GBW

**CNT CHARTIS INSURANCE AGENCY,
INC.,** *et al***,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's Motion to Remand (Doc. 4). Defendant Chartis Claims, Inc. was the only named defendant to respond to Plaintiff's motion. In its response to this Court's Order to Show Cause (Doc. 10), Defendant Chartis provided information showing that it is the only defendant served with process in this case. Thus, the other named defendants are not parties to this motion or this suit. Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff's motion to remand should be DENIED.

      In his motion to remand, Plaintiff argues that this case should be remanded to state court because Defendant Chartis Claims, Inc.'s, reason for removal is unsound. Doc. 4, p. 1. Plaintiff correctly notes that there is no limit on the amount in controversy that may be considered in state court. *Id.* However, Plaintiff has misunderstood Defendant's basis for removal. Pursuant to 28 U.S.C. § 1332, federal courts have jurisdiction over cases involving diverse parties where the amount in controversy *exceeds* $75,000. This does not mean that there is a limit on state court proceedings; rather, it is the *minimum* required for a proceeding to occur in *federal* court. So, Plaintiff's stated basis for remand is not correct.

      Pursuant to the foregoing, Plaintiff's motion to remand (Doc. 4) will be DENIED.

**O R D E R**

For the above stated reasons, the Court hereby DENIES Plaintiff's motion to remand (Doc. 4).

Dated this 13th day of July, 2011.

_____
BRUCE D. BLACK
United States District Judge