IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRETT JONES,

      Plaintiff,

v.                                                No. CIV 11-402 BB/GBW

CNT CHARTIS INSURANCE AGENCY,
INC., et. al.,

      Defendant.

## ORDER

**THIS MATTER** comes before the Court on the Motion for More Definite Statement ("Motion") filed by Defendant Chartis Claims, Inc. ("CCI"). *Doc. 2.* To date, Plaintiff has neither filed a response to the motion nor has he requested additional time to respond. Pursuant to the Local Rules of the U.S. District Court for the District of New Mexico, Plaintiff has consented to the Motion. D.N.M. LR-CIV.7.1(b). Because Plaintiff has thus consented and the Court otherwise finds the Motion to be well-taken, the Court will grant the Motion.

**I.    STANDARD**

If a pleading fails to specify the plaintiff's allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see* FED. R. CIV. P.

12(e) (2011). Specifically, Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e).

In the context of a *pro se* filing, courts are required to construe the filer's pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Nevertheless, that liberality has its limits, and the court may not take on the role of advocate for the *pro se* filer, since the filer is still bound by the Federal Rules of Civil Procedure. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II.   ANALYSIS

In the instant case, the Court finds Plaintiff's Amended Complaint "so vague or ambiguous" that CCI cannot reasonably be expected to prepare a response. *See* FED. R. CIV. P. 12(e); *Doc. 2*, Ex. 1. Interspersed throughout are disjointed and quixotic passages copied from various sources that neither clarify or amplify Plaintiff's argument. Although sections of the Amended Complaint announce assorted theories of relief, none appear in tandem with a factual background.  Further, none of the claims attach to a specific allegation

lodged against CCI or any other party. Although the Court might construct and infer some tenuous, theoretical outline of what Plaintiff is alleging, such endeavors are not the province of the Court and they are not to be expected of CCI. *See Swierkiewicz*, 534 U.S. at 514; *Garrett*, 425 F.3d at 840.

Stated plainly, Plaintiff's Amended Complaint is unintelligible. *Doc. 2*, Ex. 1; *see Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (holding that a Rule 12(e) motion must attack the unintelligibility of a pleading, not merely the lack of detail). CCI has attacked the Amended Complaint on that basis and complained of additional specific defects while also advancing the details it desires. *Doc. 2* at 2. Therefore, under Rule 12(e), CCI is entitled to a more definite statement of Plaintiff's claims. FED. R. CIV. P. 12(e).

### III. CONCLUSION AND ORDER

Having considered the facts, record, and extant case law, the Court **HEREBY GRANTS** CCI's Motion.

**IT IS FURTHER ORDERED THAT:**

Within **fourteen (14)** days of this Order, Plaintiff **SHALL FILE** a Second Amended Complaint with the Court incorporating the following:

1. Each paragraph in the Second Amended Complaint shall be numbered, with each paragraph limited as far as practicable to a single set of circumstances.

2. Each claim in the Second Amended Complaint shall state the party or parties

against whom Plaintiff is making the claim.

3. Each claim in the Second Amended Complaint shall be accompanied with the relevant factual background supporting the claim.

**IT IS SO ORDERED.**

_____
**GREGORY B. WORMUTH**
**UNITED STATES MAGISTRATE JUDGE**