IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRETT JONES,

       Plaintiff,

v.                                No. CIV 11-402 BB/GBW

CNT CHARTIS INSURANCE AGENCY,
INC., et. al.,

       Defendant.

## PROPOSED FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

    **THIS MATTER** comes before the Court following the expiration of Plaintiff Brett Jones' time to file a more definite statement of his claims. Because Plaintiff has failed to present claims that are sufficiently intelligible to allow for a response, and moreover, because he has refused to comply with this Court's Order[1] to file a more definite statement of those claims, I recommend that his Amended Complaint be stricken and his claims be dismissed without prejudice.

## I.      PROCEDURAL BACKGROUND

    On May 5, 2011, Defendant Chartis Claims, Inc. ("CCI") removed the instant action from the Second Judicial District Court of New Mexico. *Doc. 1.* Contemporaneous with the removal, CCI also filed a Motion for More Definite Statement of Plaintiff's claims. *Doc.*

---

[1]    *Doc. 15.*

2.

Subsequent to removal, Plaintiff promptly filed his "Motion for Remand, Rejection of Magistrate Assignment, and Response" ("Motion to Remand").  *Doc. 4.*  On May 25, 2011, CCI filed its Response to Plaintiff's Motion to Remand.  *Doc. 6.*  Thereafter, United States District Judge Bruce D. Black filed a Memorandum Opinion and Order ("MOO") denying Plaintiff's Motion to Remand.  *Doc. 14.*

Following District Judge Black's ruling on the Motion to Remand, I considered CCI's Motion for More Definite Statement.  After considering the same, I found Plaintiff's Amended Complaint so vague or ambiguous that CCI could not reasonably be expected to prepare a response.  *Doc. 15* at 2 (internal quotation marks and citations omitted).  In sum, I found Plaintiff's Amended Complaint to be "unintelligible," and as such, I ordered Plaintiff to file a more definite statement of his claims.  *Id.* at 3.  To assist Plaintiff, I directed him to craft his Second Amended Complaint within the following construct:

> 1. Each paragraph in the Second Amended Complaint shall be numbered, with each paragraph limited as far as practicable to a single set of circumstances.
> 2. Each claim in the Second Amended Complaint shall state the party or parties against whom Plaintiff is making the claim.
> 3. Each claim in the Second Amended Complaint shall be accompanied with the relevant factual background supporting the claim.

*Id.*  Finally, I allowed Plaintiff fourteen (14) days from the filing of my Order[2] to file his

_____

[2]     The Order was filed on July 15, 2011.  *Doc. 15.*

Second Amended Complaint.  *Id.*

Plaintiff never filed a Second Amended Complaint.  Instead, On July 21, 2011, he filed a "Motion for Remand, Rejection of Magistrate Assignment, Response to a Motion Never Received, to Suggestion of the Court to Re-Amend Complaint, and Affidavit of Negative Averment" ("Second Motion for Remand").  *Doc. 16.*  Initially, the Second Motion for Remand re-urges the same arguments for remand denied by Judge Black's prior MOO. *Id.* at 2; *Doc. 14.*  Thereafter, however, Plaintiff deviates from any intelligible purpose to engage instead in a diatribe against the court's many supposed abuses.  *Doc. 16* at 2-4. Even construed liberally, nothing in the Second Motion complies with the order for a more definite statement of Plaintiff's claims.

## II.    STANDARDS

### A.    Relevant Law Regarding Rule 12

If a pleading fails to specify the plaintiff's allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see* FED. R. CIV. P. 12(e) (2011).  Specifically, Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e).  Where a court has granted a motion for more definite statement, the plaintiff must comply "within 14 days after notice of the order or within the time the court sets, the court *may strike the pleading* or issue any other appropriate order."  *Id.* (emphasis added).

### B.       Relevant Law Regarding Failure to Comply With Court Orders

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action for a plaintiff's failure to comply with a court order.  *See* FED. R. CIV. P. 41(b); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions *sua sponte* for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Furthermore, where the dismissal of a plaintiff's claims is done without prejudice to re-filing, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Nasious*, 492 F.3d at 1162 (citing *Petty v. Manpower Inc.*, 591 F.2d 615, 617 (10th Cir. 1979); *Ciralsky v. C.I.A.*, 355 F.3d 661, 669-71 (D.C. Cir. 2004)).

## III.    DISCUSSION

In the instant case, I recommend dismissing Plaintiff's suit under both Rule 12(e)

and Rule 41(b).

### A.      Striking Plaintiff's Complaint Under Rule 12(e)

First, I recommend striking Plaintiff's Amended Complaint under the authority conferred upon the district court by Rule 12(e).  *See* FED. R. CIV. P. 12(e).  By its terms, Rule 12 requires plaintiffs, once directed to do so by the court, to file their more definite statement "within 14 days after notice of the order or within the time the court sets."  *Id.* Where they fail to comply, "the court may strike the pleading or issue any other appropriate order."  *Id.*

In this case, Plaintiff was ordered by this Court to file a more definite statement - in the form of a Second Amended Complaint - on July 15, 2011.  *Doc. 15.*  That same Order provided Plaintiff fourteen (14) days to comply.  *Id.* at 3.  Within that fourteen days, Plaintiff made no attempt to adhere to the Court's Order and he never filed a Second Amended Complaint.  Instead, Plaintiff filed a Second Motion for Remand which, by its content, serves only to demonstrate Plaintiff's unwillingness to observe the rules of court. *Doc. 16.*

Based on Plaintiff's refusal to comply with my Order of July 15, 2011, and his failure to file a more definite statement, I recommend that his Amended Complaint be stricken. Because this sanction effectively dismisses the action, I consequently recommend that his case be dismissed without prejudice under Rule 12(e).  *See McClellon v. Lone Star Gas Co.,*

66 F.3d 98, 103 (5th Cir. 1995) (appropriate remedy for failing to amend complaint when ordered to do so under Rule 12(e) is dismissal).

### B.    Dismissing Plaintiff's Suit Under Rule 41(b)

Additionally, I recommend that Plaintiff's suit be dismissed without prejudice pursuant to Rule 41(b).  Under Rule 41(b), the district court has authority to dismiss an action for a plaintiff's failure to comply with a court order.  *See Gripe*, 312 F.3d at 1188; *Nasious*, 492 F.3d at 1161 (10th Cir. 2007).  So long as the dismissal does not infringe the plaintiff's right to re-file, the district court may impose this sanction without undertaking any specific analysis or looking to any enumerated factors to guide its findings.  *See Nasious*, 492 F.3d at 1162 (citations omitted).  Plaintiff has failed to comply with this Court's Order requiring a more definite statement of his claims.  *See doc. 15*.  This failure is obviously deliberate because Plaintiff has shown the ability to file pleadings and, in fact, his most recent pleading demonstrates that he received the Court's Order.  *See doc. 16* ("a review of the courts Request, which incidentally does not establish any jurisdictional grounds for this matter being heard before a Federal District Court is not clear [sic].").  As a result of his knowing failure to comply with the Court's Order, I recommend that Plaintiff's suit be dismissed without prejudice under Rule 41(b).

## IV.   CONCLUSION

Under both Rule 12(e) and Rule 41(b), I recommend that Plaintiff's Amended

Complaint be **STRICKEN** and that his suit be **DISMISSED** without prejudice.

**IT IS SO RECOMMENDED.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**HON. GREGORY B. WORMUTH**
**UNITED STATES MAGISTRATE JUDGE**